UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig S. Dahl, | Case Type: Employment |
| Plaintiff, | |
| vs. | |
| Wells Fargo Advisors, LLC, a Delaware limited liability company;<br>Wells Fargo Advisors Financial Network, LLC, a Delaware limited liability company;<br>Wachovia Corporation, a Delaware corporation; and<br>Wells Fargo & Company, a Delaware corporation; | **COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br><br><br><br>Court File No. |
| Defendants. | |

Plaintiff by his attorneys, Fabian May & Anderson, PLLP, brings this action for damages and other legal and equitable relief for Defendants' violations of laws prohibiting discrimination in employment. Plaintiff states the following as his claims against Defendants:

## JURISDICTION AND VENUE

1. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Jurisdiction is conferred upon this Court by 29 U.S.C. § 626(c), 28 U.S.C. §§ 1331-32.

2. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et seq.* Jurisdiction is conferred upon this Court by 29 U.S.C. §§ 1332, 1367.

3. A substantial part of the events described herein occurred in Minnesota, and Defendants conduct business within the state of Minnesota.

## PARTIES

4. Plaintiff Craig S. Dahl ("Plaintiff") is an individual who resides in the state of Minnesota.

5. Defendant Wells Fargo Advisors, LLC is a Delaware limited liability company formerly known as Wachovia Securities, LLC. At all relevant times, it maintained offices in Bloomington, Minnesota.

6. Defendant Wells Fargo Advisors Financial Network, LLC is a Delaware limited liability company which, upon information and belief, is formerly known as Wachovia Securities Financial Network, LLC.

7. Defendant Wachovia Corporation is a Delaware corporation. At all relevant times, the entity now known as Wells Fargo Advisors, LLC was a wholly-owned subsidiary of Wachovia Corporation. Both entities are hereinafter collectively referred to as "Wachovia."

8. Defendant Wells Fargo & Company is a Delaware corporation. Wells Fargo & Company purchased Wachovia in or around December 2008.

9. At all relevant times, Plaintiff was an employee of Wachovia, and Wachovia was his employer.

## FACTS RELEVANT TO ALL COUNTS

10. Plaintiff served as Branch Manager of Prudential Securities' Bloomington Minnesota branch starting in or around 1998. In or around 2003, Wachovia purchased Prudential Securities, and Plaintiff continued on as the Branch Manager of Wachovia's Bloomington, Minnesota branch.

11. Plaintiff is 65 years of age.

12. In or around 2005, Wachovia decided to consolidate and reorganize its Minneapolis-St. Paul area branches into what it called a "Major Market." As part of that initiative, Wachovia promoted Plaintiff to the position of Market Manager for the Minneapolis Market.

13. Plaintiff's performance reviews for calendar years 2005 and 2006 both contained an overall rating of "4 -- Exceeds Expectations."

14. In or around mid-2006, Plaintiff began reporting to Regional President Keith Vanderveen ("Vanderveen").

15. Vanderveen has an established history of discriminating against employees because of their age and has criticized internal job candidates for hiring older employees.

16. By 2007, Plaintiff nearly doubled the Minneapolis Market's profit margin and nearly quintupled the Market's net income as compared to its performance in 2005. Of the four major markets constituting Vanderveen's region at the end of 2007, the Minneapolis Market was ranked highest in a composite score of objective performance measures.

17. In early 2008, Wachovia informed Plaintiff his position was being "opened" and that he would have to reapply for his position. On or about February 15, 2008, Plaintiff reapplied for the Minneapolis Market Manager position.

18. Shortly thereafter, Vanderveen gave Plaintiff his written performance evaluation for calendar year 2007. The evaluation contained a negative overall rating of "2 -- Approaching Effective Performance." The performance evaluation also contained negative false representations regarding Plaintiff.

19. Plaintiff was interviewed for his "opened" position by a panel of interviewers on or about February 28, 2008. Vanderveen was one of the interviewers.

20. Wachovia chose a younger, less-qualified individual for Plaintiff's position.

21. Plaintiff subsequently applied for a Complex Manager position in Sioux Falls, South Dakota. The Complex Manager position was in Vanderveen's region and the interviews were to be conducted by the same panel that conducted the interviews for the Minneapolis Market Manager position.

22. Wachovia informed Plaintiff it would not interview him for the Sioux Falls Complex Manager position, but would instead refer to his score from the February 28, 2008 interview.

23. Wachovia chose a younger, less-qualified individual for the Sioux Falls Complex Manager position.

24. Plaintiff applied for a Regional Recruiting Manager position in St. Louis, Missouri, which was also in Vanderveen's region.

25. In or around March 2008, Plaintiff met with the hiring manager to discuss the Regional Recruiting Manager position and his qualifications, but was not given a formal interview.

26. Wachovia chose a younger, less-qualified individual for the Regional Recruiting Manager position.

27. In or around March 2008, Plaintiff applied for a management position with Wachovia's FiNet program. Upon information and belief, in this position, Mr. Dahl would have been an employee of the entity now known as Wells Fargo Advisors Financial Network, LLC.

28. A younger, less-qualified individual was chosen for the position.

29. In or around April 2008, Plaintiff applied for a Complex Manager position in Des Moines, Iowa.

30. Plaintiff was interviewed for the Complex Manager position by a panel of individuals that included one of the individuals who participated in his February 28, 2008 interview.

31. Wachovia chose a younger, less-qualified individual for the Des Moines Complex Manager position.

32. Wachovia terminated Plaintiff's employment on or about June 1, 2008.

## COUNT I

### AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, ET SEQ.

33. By reference hereto, Plaintiff hereby incorporates the paragraphs above.

34. 29 U.S.C. § 623(a)(1) states that it is unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ."

35. Defendants discriminated against and discharged Plaintiff because of his age in violation of 29 U.S.C. § 623(a)(1).

36. As a direct and proximate result of Defendants' violation of 29 U.S.C. § 623(a)(1), Plaintiff has suffered and continues to suffer loss of income, mental anguish, emotional distress and humiliation, embarrassment, loss of reputation, and other damages in an amount greatly in excess of $75,000.

## COUNT II

### AGE DISCRIMINATION PURSUANT TO THE MINNESOTA HUMAN RIGHTS ACT, MINN. STAT. § 363A.01, ET SEQ.

37. By reference hereto, Plaintiff hereby incorporates the paragraphs above.

38. Minnesota Statute § 363A.08, subd. 2 provides that it is an unfair employment practice for an employer, because of age, to "(b) discharge an employee; or (c) to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

39. Defendants discriminated against and discharged Plaintiff because of his age in violation of Minn. Stat. § 363A.08, subd. 2.

40. As a direct and proximate result of Defendants' violation of Minn. Stat. § 363A.08, Plaintiff has suffered and continues to suffer loss of income, mental anguish,

emotional distress and humiliation, embarrassment, loss of reputation, and other damages in an amount greatly in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig S. Dahl prays for judgment against Defendants Wells Fargo Advisors, LLC, Wells Fargo Advisors Financial Network, LLC, Wachovia Corporation, and Wells Fargo & Company as follows:

    A.    For all relief available under the Age Discrimination in Employment Act;

    B.    For all relief available under the Minnesota Human Rights Act; and

    C.    For such other and further relief and the court deems just and equitable.

Dated: 11-22-10

FABIAN MAY & ANDERSON, PLLP

John A. Fabian, #13482X
1285 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 353-3340
ATTORNEYS FOR PLAINTIFF