## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Craig Dahl,

        Plaintiff,

    v.

Wells Fargo Advisors, LLC,
Wachovia Corporation,
Wells Fargo & Company, and
Wells Fargo Advisors Financial Network, LLC,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-4696 ADM/FLN

_____

David H. Redden, Esq., and John A. Fabian, III, Esq., Fabian May & Anderson, PLLP, Minneapolis, MN, on behalf of Plaintiff Craig Dahl.

Annette Tyman, Esq., and Gerald L. Pauling, II, Esq., Seyfarth Shaw LLP, Chicago, IL, and David A. James, Esq., and Joseph G. Schmitt, Esq., Nilan Johnson Lewis PA, Minneapolis, MN, on behalf of Defendants Wells Fargo Advisors, LLC, Wachovia Corporation, Wells Fargo & Company, and Wells Fargo Advisors Financial Network, LLC.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants Wells Fargo Advisors, LLC, Wachovia Corporation, Wells Fargo & Company, and Wells Fargo Advisors Financial Network, LLC's (collectively "Defendants") Objections to Magistrate's Order Granting Plaintiff's Motion to Compel Discovery [Docket No. 48] ("Objections").  Magistrate Judge Franklin L. Noel's December 20, 2011 Order [Docket No. 47] granted in part and denied in part Plaintiff Craig Dahl's ("Dahl") Motion to Compel Discovery [Docket No. 38].  For the reasons stated below, Defendants' Objections are overruled and the December 20, 2011 Order is affirmed.

## II.  BACKGROUND

Dahl, who is 65 years old, worked as Branch Manager of a Prudential Securities branch in Bloomington, Minnesota from 1998 to 2003.  Compl. [Docket No. 1] ¶¶ 10–11.  In 2003, Wachovia purchased Prudential Securities and Dahl continued as Branch Manager.  Id. ¶ 10. Wachovia consolidated its Minneapolis-St. Paul branches into a "major market," and Dahl was promoted to the position of Market Manager of the Minneapolis market.  Id. ¶ 12.  In 2006, Dahl began reporting to Regional President Keith Vanderveen ("Vanderveen").  Id. ¶ 14.

Early in 2008, Wachovia opened Dahl's position, requiring he reapply for the position. Id. ¶¶ 17.  Dahl was interviewed for his previously held position, and a younger individual was chosen.  Id. ¶ 19–20.  Vanderveen was one the interviewers.  Id. ¶ 19.  Dahl then applied for other positions in Sioux Falls, South Dakota, St. Louis, Missouri, Des Moines, Iowa, and throughout Minnesota, but he was not hired for any of these positions.  Id. ¶¶ 21–31.  On June 1, 2008, Wachovia terminated Dahl's employment.  Id. ¶ 32.

Dahl filed his Complaint on November 22, 2010, and on November 28, 2011, filed a Motion to Compel Discovery [Docket No. 38].  Judge Noel's December 20, 2011 Order granted the motion to compel Defendants' response to an interrogatory request and Document Request Numbers 17, 19, and 20, but denied it as to Document Request Numbers 12, 21, and documents related to other forms of discrimination.  Defendants object to Judge Noel's Order as it pertains to Document Request Numbers 17, 19, and 20.

## III.  DISCUSSION

### A.  Standard of Review

The standard of review for an objection to a magistrate judge's order on a nondispositive

issue is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F.Supp. 2d 1005, 1007

(D. Minn. 1999).  The magistrate judge's order on a discovery issue will be affirmed by the

district court unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  A decision is

contrary to law when it misapplies or does not apply the relevant case law, statutes, or rules of

procedure.  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn.

2008).

## B.  Judge Noel's Order Granting Dahl's Motion to Compel is Not Clearly Erroneous or Contrary to Law

Defendants argue that Judge Noel's decision is contrary to law and clearly erroneous

because it permits nationwide or region-wide discovery related to individuals who are not

similarly situated to Dahl and to markets outside both Dahl's and Vanderveen's regions, as well

as time periods when Dahl was not a Market Manager or did not report to Vanderveen.  These

arguments are unavailing.

### 1.  Nationwide or Region-wide Discovery

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is

relevant to any party's claim or defense . . . [and it] need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.

Civ. P. 26(b)(1).  Courts may limit discovery if "the burden or expense of the proposed discovery

outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2), and the "party opposing discovery bears

the burden of showing that the discovery request is overly broad and burdensome by alleging

facts demonstrating the extent and nature of the burden imposed by preparation of a proper

response." Sinco, Inc. v. B & O Mfg., Inc., No. 03-5277, 2005 WL 1432202, at *2 (D. Minn.

May 23, 2005) (citing Mead Corp. v. Riverwood Natural Res. Corp., 145 F.R.D. 512, 515–16

(D. Minn. 1992)).  Plaintiffs are generally not entitled to company-wide discovery unless they

show a particular need for the information requested.  Semple v. Fed. Express Corp., 566 F.3d

788, 794 (8th Cir. 2009) (upholding denial of company-wide discovery in a wrongful termination

claim absent a showing of particular need).  Courts also limit discovery of company records to

the local facility where a plaintiff was employed, absent a showing of necessity for region-wide

or nationwide discovery.   Sallis v. Univ. of Minn., 408 F.3d 470, 478 (8th Cir. 2005); see also

Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997) ("Company-wide

statistics are usually not helpful in establishing pretext in an employment discrimination case,

because those who make employment decisions vary across divisions.").

Defendants argue that Document Request Number 17 is overly broad in that it requests

"documents relating to the criteria used by Defendants to evaluate and/or measure the

performance of: (2) the Major Markets in Defendants' other regions . . . and (4) the Market

Managers in Defendants' other regions."  Redden Aff. [Docket No. 41] Ex. 4 ("Requests &

Responses") 10–11.  Similarly, Defendants argue that Document Request Number 20 is

impermissibly overbroad, and therefore Judge Noel's decision granting this discovery was

contrary to law and clearly erroneous because it allows discovery of documents "relating to

performance comparisons of the Major Markets from June 1, 2004 to the present, including but

not limited to all 'Major Scorecards.'" Requests & Responses 12.

4

Although company-wide discovery generally requires a showing of particular need for the requested information, Dahl established this need by claiming the information about other Major Markets and Market Managers is necessary to determine if Vanderveen applied different standards not applied elsewhere and whether he deviated from the nationwide or region-wide criteria.  Pl.'s Resp. to Defs.' Objection to Magistrate's Order [Docket No. 51] ("Pl.'s Resp. to Objection") 10.  Dahl demonstrated a particular need for this requested information, and the information obtained through this discovery is reasonably calculated to lead to the discovery of admissible evidence under Rule 26.  Moreover, Defendants failed to establish how these requests would be unduly burdensome or expensive alleging facts demonstrating the extent and nature of the burden.  See e.g., Defs.' Mem. in Oppn. to Mot. to Compel Discovery [Docket No. 43] 11.  Therefore, Judge Noel's decision was not clearly erroneous or contrary to law.

## 2.   Time Periods when Dahl was not a Market Manager or Vanderveen Report

While employment discrimination claims usually are accorded "liberal discovery rules giv[ing] plaintiffs broad access to document their claims," "[c]ourts have frequently tailored discovery requests, as to historic company records, to encompass a 'reasonable time period,' both before and after the discriminatory event being alleged." Sallis, 408 F.3d at 478 (quoting Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 517 (D. Minn. 1997)).  No bright-line rule exists; rather, discovery requests are evaluated individually to determine whether the extent of discovery should be limited because the burden or expense outweighs the likely benefit.  Fed R. Civ. P. 26(b)(2)(C)(iii); Burns v. Hy-Vee, Inc., No. Civ. 02-254, 2002 WL 31718432, at *3 (D. Minn. Nov. 21, 2002) ("[t]he information relating to other individuals who were terminated or fired during the three-year period prior to plaintiff's termination is precisely the information

necessary to establish the existence or absence of a discriminatory motive."); <u>Onwuka</u>, 178 F.R.D. at 517–18 (reducing discovery for disciplinary measures of similarly situated individuals from a ten-year period to a period of three years before plaintiff's discipline); <u>Cardenas v. Prudential Ins. Co. of America</u>, Nos. 99-1421, 99-1422, 99-1736, 2003 WL 244640, at *1–2 (D. Minn. Jan. 29, 2003) (compelling discovery of documents at all Minnesota locations for six years prior to lawsuit); <u>Raddatz v. Standard Register Co.</u>, 177 F.R.D. 446, 448 (D. Minn. 1997) (reducing discovery from ten years to a period of two years before and after employee termination).

Defendants argue that Document Request Numbers 17, 19, and 20 allow discovery over an unreasonable time period surrounding the alleged discrimination. Document Request Number 17 allows discovery from 2005 to present, Document Request Number 19 is limited to performance comparisons from June 1, 2004 to present, and Document Request Number 20 also permits discovery from June 1, 2004 to present. Given that the alleged discrimination began in 2006 and continued through 2008, this discovery request seeks discovery during the time of the alleged acts, as well as discovery up to two years before Vanderveen became Dahl's supervisor and up to four years after Dahl's termination. The information regarding employment decisions before, during, and after Dahl's supervision by Vanderveen is relevant, likely to lead to admissible evidence, and encompasses a reasonable time period. The Court is not left with the definite and firm conviction that a mistake has been committed. Therefore, Judge Noel's Order granting Dahl's discovery request was not clearly erroneous or contrary to law and is affirmed.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Defendants' Objections to Magistrate's Order Granting Plaintiff's Motion to

Compel Discovery [Docket No. 48] are **OVERRULED**; and

2.      Judge Noel's December 20, 2011 Order [Docket No. 47] is **AFFIRMED.**


BY THE COURT:


        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 17, 2012.